An appeal from a decree of the Circuit Court within and for the County of DeSoto; John S. Edwards, Judge.

Judgment affirmed.

*Leitner* & *Leitner,* for Appellant;

*J. H. Hancock,* for Appellee.

PER CURIAM.—This cause having been submitted to the Court at a former term upon the transcript of the record of the decree aforesaid, and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be and same is, hereby affirmed.

All concur.

---

WALTER OVERSTREET, *Appellant,* v. BEACON INVESTMENT COMPANY, A CORPORATION, *Appellee.*

Opinion Filed January 23, 1919.

An appeal from a decree of the Circuit Court within and for the County of Duval; Daniel A. Simmons, Judge.

Judgment affirmed.

*Johnson & McIlvane* and *John W. Dodge,* for Appellant;

*H. L. Anderson,* for Appellee.

PER CURIAM.—This cause having been submitted to the Court at a former term upon the transcript of the record of the decree aforesaid, and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said decree; it is, therefore, considered, ordered and adjudged by the Court that the said decree of the Circuit Court be, and same is, hereby affirmed.

All concur.

---

JOHN W. RAST, AS TAX COLLECTOR OF DUVAL COUNTY, *Appellant,* v. GEORGE W. HULVEY, *Appellee.*

Opinion Filed January 23, 1919.

1.  Section 1 of Article 9 of the Constitution of Florida, prescribes that the Legislature may except from taxation such property as may be exempt by law for municipal, educational, literary, scientific, religious and charitable purposes. Paragraph 3 of section 4 of Chapter 5596, Acts of 1907, provides that such property of educational, literary, benevolent, charitable and scientific institutions within this State as shall be actually occupied and used solely for the puropses for which they have been organized, shall be exempt from taxation. Under the provisions of this Statute, property belonging to an individual that is not being used solely for school purposes, but is also being used by such individual as